IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARCIUS ANTHONY LEE,

    Petitioner,

v.

DYLON RADTKE, Warden,
Green Bay Correctional Institution,

    Respondent.

OPINION AND ORDER

19-cv-411-wmc

Marcius Anthony Lee, an inmate at the Green Bay Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases. Because it is plain from the petition and its attachments that petitioner is not entitled to federal habeas relief, the petition will be dismissed.

BACKGROUND

The petition seeks to challenge Lee's 2015 conviction for first-degree intentional homicide, as well as armed robbery and possession of a firearm in the Dane County Circuit Court in Madison, Wisconsin. As summarized by the Wisconsin Court of Appeals, the background facts are as follows:

> Lee was charged with first-degree intentional homicide after eyewitnesses saw him shoot the victim in a hotel parking lot and take several bags from the trunk of the victim's car. Lee fled the scene and was later arrested in Illinois with a bag containing almost $40,000 in cash. Police also found a duffel bag and a backpack in Lee's hotel room. An amended information added sentence enhancers for the intentional homicide charge and also charged Lee with armed robbery and being a felon in possession of a firearm, both as a

1

repeater. The prosecution's theory of the case was that Lee shot and robbed the victim after learning that he was carrying large amounts of cash. Lee was convicted after a jury trial.

*State v. Lee*, 2017AP930-CR, ¶ 2 (Wis. Ct. App. May 31, 2018) (copy attached to the petition (dkt. #1-2)).

At trial, the State presented the testimony of several eyewitnesses, who saw a person resembling Lee shoot the victim and then take bags from the trunk of the victim's car. Additional witnesses described bags seen in Lee's possession in the days after the shooting and before his arrest. However, DNA tests on the duffel bag were inconclusive, and the victim was *excluded* as a DNA contributor to the backpack. In addition, Lee's girlfriend testified that he had taken the duffel bag from her. *Id*. ¶¶ 8-9.

Lee was aware before trial that the State also planned to call the victim's sister, JR, who would testify that: (1) the duffel bag belonged to her mother; and (2) she had seen the duffel bag in the victim's possession before the shooting. Shortly before JR testified, however, petitioner learned that JR would also testify that she recognized the backpack. According to JR, she had purchased two identical backpacks for her son several years earlier, one of which the victim may have borrowed. Apparently during the trial, JR also asked her husband to text photographs of her son's backpack, which the State disclosed to Lee shortly before she testified. The court permitted JR to testify about both the duffel bag and the backpack, and admitted the photographs taken by her husband into evidence, all over Lee's objection. *Id*. ¶ 10.

On direct appeal, Lee argued that the trial court erred in admitting JR's evidence relating to the backpack, contending that it should have been excluded on grounds of

"unfair surprise." *Id*. ¶ 12. The Wisconsin Court of Appeals disagreed and affirmed the conviction. *Id*. ¶¶ 12-15. The Wisconsin Supreme Court subsequently denied Lee's petition for review.

DISCUSSION

Petitioner asserts two grounds for habeas relief under § 2254. First, he reasserts the claim exhausted on direct appeal -- the trial court should have excluded that disclosed testimony from the victim's sister that connected the backpack to the victim. Second, petitioner claims his trial counsel provided ineffective assistance of counsel in failing to object to the last two sentences of Wisconsin Jury Instruction 140.

Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Under the rule, the district court has the power to dismiss petitions that (1) do not state a claim upon which relief may be granted or (2) are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). In this case, petitioner fails to state a viable claim for relief.

As for petitioner's first challenge, evidentiary rulings by a state trial court generally turn on state law questions that are *not* subject to federal collateral review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry*, 238 F. 3d 908, 914 (7th Cir. 2001). Federal habeas relief is available only for a state prisoner

3

in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal habeas courts may only review a state evidentiary ruling if it is erroneous *and* is of a constitutional magnitude. To be of constitutional magnitude, a state court's evidentiary ruling must result in fundamental unfairness so as to violate federal due process rights. *Lechner v. Frank*, 341 F. 3d 635, 642 (7th Cir. 2003)(citing *Estelle*, 502 U.S. at 67-68). This standard is met when the "state court committed an error so serious as to render it likely that an innocent person was convicted." *Perruquet v. Briley*, 390 F.3d 505, 510 (7th Cir. 2004).

Unfortunately for petitioner, the state court's evidentiary ruling does not appear erroneous, at least on its face, but even if it did, the ruling is not so significant as to raise a likelihood that Lee would not have been convicted without it. So far as it appears, JR's testimony about the backpack was a "surprise" to the prosecution as well, especially since petitioner's attorney conceded on appeal that the State had complied with its discovery obligations. (Ct. of App. Op. (dkt. #1-2) ¶ 12.) Moreover, petitioner neither claims that the testimony was irrelevant nor that his attorney was not permitted to cross-examine JR about it. There was also other evidence connecting petitioner to the crime, including the testimony of several eyewitnesses and JR's previously-disclosed testimony about the duffel bag. Finally, petitioner did not argue before the Wisconsin Court of Appeals that the erroneous ruling deprived him of his right to a fair trial, or even that admission of the backpack evidence was unduly prejudicial. *Id.* ¶ 14 n.2 (noting that Lee's briefs did not argue that evidence should have been excluded because its probative value was substantially outweighed by a danger of unfair prejudice). For all these reasons, petitioner's

4

challenge to the state court's evidentiary ruling fails to state a cognizable constitutional claim.

Petitioner's second challenge based on a claim of ineffective assistance of trial counsel is equally flawed. Specifically, he asserts that his lawyer was ineffective for failing to challenge the last two sentences of WIS JI-Criminal 140, which read: "While it is your duty to give the defendant the benefit of every reasonable doubt, you are not to search for doubt. You are to search for the truth." Petitioner contends that this instruction gave the jurors a "dual directive" that confused the jurors and diluted the prosecutor's burden of proof. *See In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). To establish that his lawyer provided constitutionally ineffective assistance, petitioner must show that: (1) his lawyer's conduct fell below an objective standard of reasonableness; and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, there is a strong presumption that a criminal defendant's counsel rendered assistance falling within an objective standard of reasonableness. *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995).

As an initial matter, petitioner acknowledges that his ineffective assistance claim has never been presented to the state courts because his appellate counsel "chose not to pursue it." Moreover, petitioner could still present this claim in state court by filing a motion under Wis. Stat. § 974.06, which permits a defendant to raise issues that were not raised in earlier postconviction proceedings *if* he has a "sufficient reason" for the omission,

5

one of which may be the ineffective assistance of postconviction counsel. *See State v. Romero-Georgana*, 2014 WI 83, ¶ 36, 360 Wis. 2d 522, 542, 849 N.W.2d 668, 678. The fact that petitioner may still have a remedy available to him in the state courts means that this claim is unexhausted and cannot form the basis for federal relief. 28 U.S.C. § 2254(b)(1) (federal court cannot grant habeas relief unless applicant has exhausted remedies available in state court). Even if the petition contains a mix of exhausted and unexhausted claims, the court may stay the petition to allow the petitioner to exhaust his state court remedies on the unexhausted claim. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

Regardless, a stay is appropriate only when the court determines: (1) there was good cause for the petitioner's failure to exhaust his claims in state court first; and (2) that the claims are not "plainly meritless." *Id*. Here, a stay is unwarranted because petitioner's claim of ineffective assistance of counsel plainly lacks merit. The Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof; rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (citations omitted). In *State v. Avila*, 192 Wis. 2d 870, 890, 532 N.W.2d 423, 430 (1995), decided 20 years *before* petitioner's trial, the Wisconsin Supreme Court evaluated WIS JI – Criminal 140 against this constitutional standard and concluded that in the context of the entire instruction, Wis JI—Criminal 140 did *not* dilute the State's burden of proving guilt beyond a reasonable doubt. Moreover, just days after petitioner filed his federal petition, the Wisconsin Supreme Court affirmed that holding. *State v. Trammell*, 2019 WI 59, ¶ 34, 387 Wis. 2d 156, 928 N.W. 2d 564 ("[W]e conclude that Wis JI—Criminal 140, as given,

did not cause the jurors to unconstitutionally apply a lower burden of proof to convict Trammell . . . and thus hold that the use of Wis JI—Criminal 140 at trial did not deprive Trammell of due process.").

Counsel is not required to raise a losing argument. *See Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002) (attorney's failure to raise a losing argument is not unreasonable and thus does not provide grounds for a finding of ineffectiveness). The constitutional challenge that petitioner faults his trial counsel for failing to raise has now twice been rejected by the Wisconsin Supreme Court. Moreover, this court is not aware of, nor has petitioner identified, any federal constitutional standard or law that is contrary to *Avila* or *Trammell*. In sum, petitioner cannot establish that his trial counsel rendered objectively unreasonable assistance in failing to object to a legally valid jury instruction.

Accordingly, neither of petitioner's claims is one on which federal habeas relief could be granted. Therefore, this petition will be dismissed in its entirety. Further, because petitioner has not made a substantial showing of the denial of a constitutional right, the court shall not issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

ORDER

IT IS ORDERED that:

1. The petition filed by Marcius Anthony Lee for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED, with prejudice, under Rule 4 of the Rules Governing Section 2254 Cases.

2. A certificate of appealability is DENIED.

3. Petitioner's motion for use of law library (dkt. #8) is DENIED.

Entered this 10th day of March, 2020.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge